# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-00108-FDW

| | |
|---|---|
| KENNETH KELLY DUVALL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>CARLOS HERNANDEZ, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon its own motion.

Petitioner is a prisoner of the State of North Carolina, who, on April 17, 2017, filed a "Petition for Writ of Certiorari" (Doc. No. 1) and Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") (Doc. No. 2) in this Court. In this action, Petitioner is challenging the validity of his state court judgment(s). Accordingly, the "Petition for Writ of Certiorari" is properly classified as a petition for writ of habeas corpus brought under 28 U.S.C. § 2254.

It does not appear that Petitioner has previously filed a § 2254 petition. Prior to recharacterizing a mislabeled post-conviction action as an initial § 2254 petition, a district court must provide the prisoner notice and an opportunity to respond. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), overruled in part on other grounds by Castro v. United States, 540 U.S. 375, 383 (2003), as recognized in United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008).

## NOTICE

The Court hereby notifies Petitioner that it intends to construe the "Petition for Writ of Certiorari" as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner must indicate whether he agrees or disagrees with this recharacterization.

1

Before making this decision, Petitioner should consider that if the Court construes this Petition as one brought pursuant to §2254, it will be Petitioner's first §2254 petition. Thereafter, Petitioner may not file a second or successive §2254 petition attacking the same criminal judgments, unless he first receives permission to do so from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2244(b)(3)(A).

Moreover, in determining whether he agrees or disagrees with this recharacterization, Petitioner should consider that the law imposes a one-year statute of limitations on the right to bring a habeas action pursuant to §2254. See 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run at the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

If Petitioner agrees to have the Petition considered as one pursuant to §2254, he may indicate that intent by completing the standard §2254 form used by this Court, signing it under penalty of perjury, and returning it by the date set in this Order. The Rules Governing Section 2254 Cases in the United States District Court require that habeas petitions follow a certain format, Rule 2(d), 28 U.S.C. §2254 foll, and the instant "Petition for Writ of Certiorari" does not comply with that format. The Clerk of Court shall be directed to send Petitioner a blank standard §2254 form for him to complete. Petitioner need not refile his exhibits; those remain in the

record, and the Court will consider them in its review of the habeas petition.

If Petitioner does not agree to have the Petition construed as one under §2254, he need only file a paper writing stating that he does not agree to have it recharacterized as such, and the Court will dismiss this action without prejudice. If Petitioner fails to timely respond to this Order, the Court will recharacterize the Petition as one brought pursuant to §2254.

Additionally, federal law requires that a prisoner seeking habeas review of his state conviction and/or sentence in federal district court pay a $5.00 filing fee or be granted leave by the court to proceed without prepayment of fees and costs. 28 U.S.C. §§ 1914, 1915. Petitioner has filed his IFP Motion on forms used by the North Carolina appellate courts. (Doc. No. 2.) The rules regarding prisoner IFP motions differ in the federal courts. Therefore, the Clerk of Court shall be directed to send Petitioner a blank standard form for use by prisoners seeking IFP status in the federal courts.

**NOTE:** For those seeking indigent status, Rule 3(2) of the Rules Governing Section 2254 Cases requires that a state prisoner's IFP motion be accompanied by "***a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.***" Petitioner's failure to include such a certificate or a receipt displaying the balance of his inmate trust account, could result in denial of IFP status.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have 21 days from entrance of this Order to inform the Court, by one of the methods prescribed herein, whether he agrees to the recharacterization of his Petition for Writ of Certiorari as a 28 U.S.C. § 2254 petition for writ of habeas corpus;

3

2. Petitioner shall have 21 days from entrance of this Order to file an amended IFP motion on the form approved for such use in this Court, as well as the appropriate document showing the balance in his inmate trust account; and

3. The Clerk of Court shall mail Petitioner a blank 28 U.S.C. § 2254 form and a blank IFP application approved for use in this Court by prisoners seeking indigent status.

**SO ORDERED.**

Signed: June 14, 2018

Frank D. Whitney
Chief United States District Judge