UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00108-FDW

| | |
|---|---|
| KENNETH KELLY DUVALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CARLOS HERNANDEZ, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Kenneth Kelly Duvall's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 5.) Also before the Court are Petitioner's Amended Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. No. 6) and Motion requesting the Court to include his previously filed Petition for Writ of Certiorari (Doc. No. 1) as evidence and argument in support of his § 2254 Petition (Doc. No. 9).

After reviewing the Amended IFP Motion and a printed summary of Petitioner's trust account balance (Doc. No. 7), the Court is satisfied Petitioner did not have sufficient funds to pay the filing fee when he filed his habeas Petition. Therefore, the Court shall grant the Amended IFP Motion.

I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who pled guilty on March 28, 2012, in Burke County Superior Court, to one count of first-degree statutory rape, N.C. Gen. Stat. § 14-72.2(a)(1), one count of first-degree stat. sex offense, N.C. Gen. Stat. § 14-72.4(a)(1), and one count of first-degree statutory rape, N.C. Gen. Stat. § 14-72.7A(a). (§ 2254 Pet. 1, Doc. No. 5; J and Comm. Form, App'x D, Ex. 1, Doc. No. 1-1 at 35.) He was sentenced to 288-355 months in prison. (§ 2254 Pet. 1.) He did not file a direct appeal. (§ 2254 Pet. 2.)

1

On September 20, 2017, Petitioner filed a motion for appropriate relief ("MAR") in the Burke County Superior Court, which was denied on September 22, 2017. (§ 2254 Pet. 3.) In December 2017, he filed a state petition for writ of habeas corpus in the Burke County Superior Court, which was denied the same month. (§ 2254 Pet. 4-5.) On February 15, 2018, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the trial court's denial of his MAR; it was denied on February 19, 2018. (§ 2254 Pet. 4.)

On April 17, 2018, Petitioner filed a document in this Court titled "Petition for Writ of Certiorari," challenging the validity of his state court judgment. (Doc. No. 1.) Because it did not appear he previously had filed a § 2254 petition, the Court issued Petitioner notice of its intent to characterize the "Petition for Writ of Certiorari" as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and provided him an opportunity to indicate whether he agreed to the Court's recharacterization. (Doc. No. 4 (citing United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), overruled in part on other grounds by Castro v. United States, 540 U.S. 375, 383 (2003), as recognized in United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008)).).

Pursuant to the Court's instructions, Petitioner indicated his agreement by filing the instant habeas Petition on the form proscribed for use in this district. (Doc. No. 5.) He claims the trial court did not have subject matter jurisdiction to enter judgment against him and that he was convicted under an unconstitutional statute that has since been abolished.

**II      STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under

28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment was entered, according to his habeas Petition, on March 28, 2012, when he was sentenced. (§ 2254 Pet. 1.) To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's judgment became final on or about April 11, 2012, when the time for filing an appeal expired. See § 2244(d)(1)(A).

The statute of limitations then ran for 365 days until it fully expired on or about April 11, 2013, more than five years before Petitioner filed his "Petition for Writ of Certiorari," which

opened this habeas action. None of Petitioner's filings in the state courts after that date resurrected or restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Consequently, absent application of § 2244(d)(1)(B), (C), or (D), or equitable tolling, the § 2254 Petition is barred by the statute of limitations. See § 2244(d)(1)(A).

Petitioner argues that his habeas Petition is not untimely because he is challenging the trial court's jurisdiction to enter judgment against him, and a defendant and/or prisoner may challenge a court's jurisdiction at any time. (§ 2254 Pet. 13-14 (citing United States v. Cotton, 535 U.S. 625, 630 (2002), et al.).) The Petition, however, challenges more than the trial court's jurisdiction; it also challenges the validity of one of the laws under which Petitioner was convicted (§ 2254 Pet. 7, 10). The one-year statute of limitations applies to the entire § 2254 Petition, on a claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Liberally construed, Petitioner's claim that he is incarcerated for violating a law that has since been abolished implies § 2244(d)(1)(D), rather than § 2244(d)(1)(A), may apply to that claim. Accordingly, the Court shall address the timeliness of the individual claims.

### A. Jurisdiction

Grounds One and Three of the Petition raise claims related to the trial court's jurisdiction to enter judgment. (§ 2254 Pet. 5, 8.) Petitioner's reliance on United States v. Cotton for the proposition that a prisoner or defendant may challenge a trial court's subject-matter jurisdiction at any time (§ 2254 Pet. 14), is misplaced.

In Cotton, the Supreme Court addressed whether an omission from a federal indictment deprived the federal district court of jurisdiction to impose an enhanced sentence, when the defendant did not raise an objection in the district court. See Cotton, 535 U.S. at 627. A

criminal defendant has no federal constitutional right to be charged by indictment in the state courts. See Hartman v. Lee, 283 F.3d 190, 195 n.4 (4th Cir. 2002) ("[T]he Fifth Amendment requirement of indictment by grand jury does not apply to the states). Since there is no federal constitutional right to an indictment in the state courts, state law governs whether defects in state indictments deprive trial courts of jurisdiction. Cotton did not address state court jurisdictional issues, much less hold that a prisoner or defendant may challenge a state court's subject-matter jurisdiction at any time in a federal court.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[B]ecause it involves a court's power to hear a case," Cotton, 535 U.S. at 630, whether a state court has subject-matter jurisdiction over a state criminal matter is determined by state law. See e.g., State v. Wagner, 572 S.E.2d 777, 779 (2002) ("For a court to have jurisdiction, a criminal offense [must] be charged in the warrant or indictment upon which the State brings the defendant to trial." (citation an internal quotations omitted)). Since they are governed by state law, state jurisdictional issues generally do not fall within the scope of the Constitution, laws, or treaties of the United States. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998).

Simply put, Petitioner has not cited any statute or case allowing prisoners or defendants to challenge a state court's subject-matter jurisdiction at any time in federal court. Furthermore, the federal courts that have addressed whether the AEDPA recognizes an exception to the statute of limitations for claims challenging a state court's subject-matter jurisdiction, have held that it does not. See e.g., Wells v. Harry, No. 17-1476, 2017 WL 9248730, at *2 (6th Cir. Nov. 15, 2017), cert. denied, 138 S.Ct. 2605 (2018), reh'g denied, 139 S. Ct. 360 (2018) ("There is no authority supporting Wells's argument that the AEDPA's statute of limitations does not apply

where a petitioner asserts that the trial court lacked subject matter jurisdiction."); Jones-Bey v. Alabama, No. 2:14–cv–00376–AKK–HGD, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014) (unpublished) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction.") (citation omitted)); Umbarger v. Burt, No. 1:08-cv-637, 2008 WL 3911988 (W.D. Mich. Aug. 19, 2008) (same); Griffin v. Padula, 518 F. Supp.2d 671, 677 (D.S.C. 2007) ("There is no exception under the AEDPA for subject matter jurisdiction claims.").

This Court, too, has held that the AEDPA makes no such exception. See Keever v. Perry, No. 3:16-cv-00066-FDW, 2016 WL 7192138, at *4 (W.D.N.C. Dec. 12, 2016) (unpublished). The Court reiterates that holding here. Absent equitable tolling of the statute of limitations, Petitioner's jurisdictional challenges to the trial court's subject-matter jurisdiction are time-barred, see § 2244(d)(1)(A).

### B. Validity of Statute of Conviction

Grounds Two and Four of the habeas Petition raise claims related to a statute under which Petitioner was convicted. Specifically, Petitioner claims the statute is unconstitutional and was abolished by the North Carolina General Assembly, rendering his continued incarceration illegal. (§ 2254 Pet. 7, 10.)

As an initial matter, Petitioner was convicted of violating three different statutes: N.C. Gen. Stat. §§ 14-27.2(a)(1), 14-27.4(a)(1), and 14-27.7A. (§ 2254 Pet. 1.) He does not specify which of these statutes he believes is unconstitutional, but only one fits the description provided in Ground Two – "a statute that had two (2) acts in its title" (§ 2254 Pet. 7), -- and that is §14-27.7A. Section § 14-27.7A is also the only statute mentioned in Ground Four. (§ 2254 Pet. 10.) Consequently, the Court limits its discussion to that statute.

In case number 09CRS004208, Petitioner pled guilty to one count of statutory rape of a

child in violation of § 14-27.7A(a) (1995). (J. and Commit. Form, Doc. No. 1-1 at 35.) At the time, § 14-27.7A was titled "Statutory rape or sexual offense of person who is 13, 14, or 15 years old." Section 14–27.7A(a) criminalized either a "sexual act" (as defined in §14–27.1(4)) or "vaginal intercourse" with a person aged 13, 14, or 15 by an individual six or more years older and not married to the person.

Contrary to Petitioner's assertions (§ 2254 Pet. 10), the North Carolina General Assembly has not abolished, repealed, or impliedly repealed § 14-27.7A. In 2015, the General Assembly recodified all the offenses previously listed under Subchapter III Article 7a of North Carolina's criminal statutes.[1] See Does v. Cooper, 148 F. Supp. 3d 477, 483 n.2 (M.D.N.C. 2015) (unpublished) (noting that all the offenses previously listed under Article 7a are now codified under Article 7b (citing N.C. Session Law 2015-181)), aff'd sub nom. Doe v. Cooper, 842 F.3d 833 (4th Cir. 2016). Section 14–27.7A was recodified as 14-27.25 (effective Dec. 1, 2015). Section 14-27.25 criminalizes vaginal intercourse with another person who is 15 years of age or younger by an individual at least 12 years old and at least six years older than the person, except when the defendant is lawfully married to the person. § 14-27.25(a). The General Assembly also added a statute -- § 14-27.30 (effective Dec. 1, 2015), which criminalizes a sexual act with another person who is 15 years of age or younger by an individual at least 12 years old and at least six years older than the person, except when the defendant is lawfully married to the person. § 14-27.30(a). In sum, as of December 1, 2015, statutory rape of a child under 15 and statutory sex offense with a child under 15 are criminalized in separate statutes rather than one.

Under § 2244(d)(1)(D), the one-year statute of limitations begins to run on the date the factual predicate of the claim or claims presented could have been discovered through the

---

[1] Chapter 14 of the North Carolina General Statutes covers criminal law; Subchapter III covers criminal offenses against the person, and Article 7a, now codified as Article 7b, covers rape and other sex offenses.

exercise of due diligence. The recodification of § 14–27.7A took effect on December 1, 2015. Thus, the factual predicate for Petitioner's related claims arose, at the latest, on that day as well. Petitioner, however, did not file his MAR challenging his § 14–27.7A conviction until September 20, 2017, almost two years later, and his federal habeas action until April 23, 2018.

Even allowing a few months for Petitioner to discover what the General Assembly had done, his claims related to § 14–27.7A still are untimely under § 2244(d)(1)(D). Absent equitable tolling of the statute of limitations, then, Petitioner's challenges to his § 14–27.7A conviction are time-barred, see § 2244(d)(1)(D).

### C. Equitable Tolling

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner does not contend he is entitled to equitable tolling of the statute of limitations. Furthermore, the record before this Court does not indicate Petitioner pursued his rights diligently prior to initiating the instant habeas action. Therefore, equitable tolling of the statute of limitations is not appropriate, and the habeas Petition shall be dismissed in its entirety as untimely.

### IV. MOTION TO CONSIDER "PETITION FOR WRIT OF CERTIORARI"

Petitioner has filed a request, which the Court construes as a Motion, asking that his

"Petition for Writ of Certiorari" (Doc. No. 1) be included as evidence and argument in support of his Petition for Writ of Habeas Corpus. (Doc. No. 9.) The Court shall deny the Motion for the following reasons: 1) the "Petition for Writ of Certiorari" is not a proper filing in the district court; 2) Petitioner does not specify what the "Petition for Writ of Certiorari" is evidence of; and 3) the "Petition for Writ of Certiorari" raises claims that are not raised in the Petition for Writ of Habeas Corpus.

The exhibits Petitioner filed with the "Petition for Writ of Certiorari," on the other hand, appear to be copies of documents filed in the state courts (Doc. No. 1-1) and, therefore, may be part of the state court record subject to review in the § 2254 action, see e.g. Rule 5 of the Rules Governing Section 2254 Cases (describing state court documents respondent is to file if ordered by the district court to answer a habeas petition). Accordingly, in its Castro Notice and Order, the Court informed Petitioner that the exhibits were part of the record and that the Court would consider them in its review if Petitioner filed a § 2254 petition. (Castro Order 2-3, Doc. No. 4.) The Court did, in fact, consider the exhibits filed with the "Petition for Writ of Certiorari," in its adjudication of the habeas Petition.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Certiorari (Doc. No. 1) is **DISMISSED**;

2. The Petition for Writ of Habeas Corpus (Doc. No. 5) is **DISMISSED** as untimely under 28 U.S.C. §§ 2244(d)(1)(A), (D);

3. The Amended Motion to Proceed In Forma Pauperis (Doc. No. 6) is **GRANTED**;

4. The Motion requesting inclusion of the Petition for Writ of Certiorari as evidence and argument in support of the Petition for Writ of Habeas Corpus (Doc. No. 9) is **DENIED**; and

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 1, 2019

Frank D. Whitney
Chief United States District Judge